UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH,　　　　　　　　　　Civil Action No. 19-CV-10240
#2019001232,
　　　　　　　　　　　　　　　　　　　　HON. BERNARD A. FRIEDMAN
　　　Petitioner,
vs

LAURIE MIRLES-SMITH, et al.,

　　　Respondents.
_____/

**OPINION AND ORDER DISMISSING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner in this matter has filed an application for a writ of habeas corpus. He challenges the State of Michigan's failure to bring him to trial on unspecified criminal charges. Petitioner alleges that he has attempted since 2014 to have the Wayne County prosecutor bring him to trial on these charges. He argues that his Sixth Amendment right to a speedy trial is being violated because he has not been brought to trial within 180 days, as required by Michigan law. Petitioner seeks dismissal of the pending charges. He does not allege that he has attempted to seek relief in the state courts.

This petition must be dismissed because, as this Court explained in *Hoard v. State of Michigan*, No. 05-CV-73136-DT, 2005 WL 2291000, at *1 (E.D. Mich. Sept. 19, 2005),

> [i]n the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit*

*Court of Kentucky*, 410 U.S. 484, 489, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his or her direct appeals. *See Allen v. Attorney General of the State of Maine*, 80 F.3d 569, 572 (1st Cir.1996). Although federal courts have jurisdiction to hear pre-trial habeas corpus petitions, a federal court should normally abstain from exercising this jurisdiction to consider a pre-trial habeas petition if the issues raised in the petition may be resolved either by trial in the state courts or by other state procedures available to petitioner. *See Atkins v. People of the State of Michigan*, 644 F.2d 543, 545-46 (6th Cir.1981). Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D.Neb.1994). The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. *Id*.

For this reason, no habeas relief is available to petitioner at this time. Pursuant to Rule 4 of the Rules Governing Section 2254 and 2255 Cases, the Court is therefore required to dismiss the petition. Accordingly,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is dismissed without prejudice.

IT IS FURTHER ORDERED that no certificate of appealability shall issue because petitioner has made no substantial showing of the denial of any of his constitutional rights.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis because no appeal in this matter could be taken in good faith.

Dated: January 31, 2019  
Detroit, Michigan

s/Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 31, 2019.

s/Johnetta M. Curry-Williams  
Case Manager